W. T. RAWLEIGH CO. *v.* LOWRY.

(In Banc.   Oct. 22, 1945.)

[23 So. (2d) 540.   No. 35917.]

Austin & Austin, of Jackson, and G. H. Merrell, of Collins, for appellant.

110

**W. U. Corley,** of collins, for appellee.

Argued orally by **H. L. Austin,** for appellant, and by **W. U. Corley,** for appellee.

**Alexander, J.,** delivered the opinion of the court.

Appellant sued appellee upon an account for merchandise purchased under a contract establishing the terms

and conditions under which the sales arrangement was set forth. The contract denominates this relationship as "a contract of buyer and seller and not of agency," and states that the buyer, appellee here, "is in business for himself." Whether these statements are effective to settle finally the status of appellee or whether such status is controlled by their subsequent dealings is in point in deciding the issues of pleading hereinafter discussed.

Appellant is a foreign corporation, and is not qualified nor authorized to do business in Mississippi. In addition to a plea of general issue, Lowry filed a special plea which set up that the plaintiff corporation was doing business in this State and not having legally qualified so to do was without right to maintain the action. Section 5319, Code 1942. The allegations of the plea were substantially of the tenor disclosed by the contract involved in Watson v. J. R. Watkins, 188 Miss. 435, 193 So. 913, and presumably under authority of this case a demurrer thereto was sustained.

An amended plea was filed, to which were attached numerous exhibits as an enlargement of the allegation that the plaintiff was, without authority, doing business in this State. There are general allegations to the effect that the goods were to be sold by Lowry under direction of the seller, that the goods were on consignment only; that sales were made and to be made by Lowry as a salesman under the seller's supervision; that buyer was required to procure other customers, to submit to inspection as to contracts and credits, and to devote his whole time to the promotion of sales of plaintiff's products. Further, it was alleged that it had a local resident agent who exercised supervision over buyer's disposition of plaintiff's goods, and that the buyer was required to assist in establishing other sales districts and procure other customers, and to assist in lobbying against legislation unfavorable to plaintiff's business. As stated, there was a general allegation that plaintiff was doing business in this State.

The special plea was sought to be documented with several exhibits "the written part of which is attached hereto, only in part." These exhibits include letters urging cooperation with the so-called local "agent" of plaintiff in procuring new dealers and otherwise; ad-. vertisements for "salesmen" in the State and various circulars relating to the method of conducting the business of the local dealer, and otherwise serving the interests of the plaintiff.

Demurrer to this second special plea was overruled, and plaintiff filed its replication denying the general allegations of the plea, as well as the content and intent of the several exhibits. Particularly does it deny that plaintiff is conducting a retail business in this State, and alleges that all exhibited communications from plaintiff are suggestive and advisory and do not constitute control over buyer's conduct of his own business, nor constitute him as agent of the plaintiff.

Demurrer to this replication was sustained and the cause dismissed. In the judgment on the demurrer, the trial court held that the exhibits to defendant's second special plea "none of which are denied by plaintiff's replication," and whereby plaintiff "impliedly admitted it is doing business within the state . . . " showed that it was so engaged.

It would have troubled us less if the trial court had not grounded its conclusion solely upon the exhibits to the plea. Regardless of our views as to the sufficiency of the exhibits to disclose a status of "doing business," the plea more than merely implied that these exhibits were only typical and definitely alleged that the plaintiff was doing a retail business in the State without authority. Both the plea and the replication were unique in their disclosure of the proposed evidence to sustain them, and without adjudging the effect of such procedure as a committal of the pleader to the particulars exhibited, we prefer to look to the general, though definite allegations of both the plea and the replication which, in our

opinion, raised an issue as to whether appellant was doing business in this State. It was error to sustain the demurrer to the replication.

Reversed and remanded.